# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2: 09-cr-325-1 |
| v. ) | |
| ) | |
| DAVID CURRAN ) | |

## MEMORANDUM ORDER

This matter is before the Court upon the Information (Document No. 672) filed by the government pursuant to 21 U.S.C. § 851 in which it established that Defendant has a prior felony drug conviction in the Allegheny County Court of Common Pleas. Defendant has responded and objected to the Information (Document No. 802). Defendant challenges his prior conviction on the grounds that the guilty plea was not knowing, not voluntary, and not intelligently entered into, but rather was induced as a result of the ineffective assistance of his counsel at the time of the plea. The government has filed a response in which it argues that the applicable statute bars Defendant's attempt to attack the validity of this conviction (Document No. 803).

A defendant convicted of having violated 21 U.S.C. § 841(a)(1) is subject to a sentence enhancement for a prior drug conviction if (1) the government files, before trial or a guilty plea, an information stating in writing the prior conviction, and (2) the district court, after conviction but before sentencing, asks the defendant to admit or deny the prior conviction and informs the defendant that any challenge to a prior conviction is waived if not raised before sentencing. 21 U.S.C. §§ 851(a)-(b). A defendant must deny or challenge the validity of any previous conviction through a written response. 21 U.S.C. 21 851(c). However, a defendant may not challenge the validity of any conviction that occurred more than five (5) years before the government files the required information. 21 U.S.C. § 851(e).

Defendant's prior felony drug conviction occurred on March 13, 2006, and sentence was imposed on March 28, 2006. The government filed the Information in this case on July 29, 2011. Ten days later, on August 8, 2011, Defendant pled guilty to Counts 1, 2, 4 and 6 of the Superseding Indictment.

The Court acknowledges that the government is correct in that the statute, by its plain language, bars Defendant's attempt to attack the validity of his 2006 conviction. Under § 851, "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Defendant's conviction as above referenced was on March 13, 2006 with sentencing on March 28, 2006. The criminal information in this case was filed on July 29, 2011, which occurred more than five years after the March 2006 conviction identified in the Information.

Accordingly, Defendant's objection to the government's Information and his challenge to his prior 2006 felony drug conviction in the Allegheny County Court of Common Pleas are o**verruled.**

So **ORDERED** this 23rd day of November, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Terrell L. Lewis,
U.S. Probation Officer

Craig W. Haller, Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Warner Mariani, Esquire
Email: marianilaw@mac.com