**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2: 09-cr-325-1 |
| v. ) | |
| ) | |
| DAVID CURRAN ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

On August 9, 2011, Defendant, David Curran, pled guilty to Counts 1, 2, 4, and 6 of a Superseding Indictment.[1] Sentencing is scheduled for December 9, 2011. On November 1, 2011, the Probation Office prepared a Presentence Investigation Report in which it used the 2008 Guidelines Manual, the manual in effect on the date of Defendant's offenses, to calculate the Defendant's advisory guideline sentencing range. The 2008 edition was used instead of the 2011 edition to avoid an ex post facto violation in light of the presence of an enhancement in the 2011 edition that was not present in the 2008 edition.

The government objects to the use of the 2008 Guidelines Manual and argues that the 2011 Guidelines should be applied. The government argues that in the post-*Booker* era, "the application of a past version of the sentencing guidelines as a result of ex post facto concerns is now an anachronism."

After deliberate consideration of the objection of the government, the response of the Probation Office, and applicable case law, the Court finds that the reasoning of the opinions issued by the United States Court of Appeals for the Second, Fourth, Eleventh and District of Columbia circuits are persuasive and, thus, finds that application of the 2011 guidelines would

---

[1] In Count 1 of the Superseding Indictment Defendant was charged with Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846; Counts 2, 4, and 6 of the Superseding Indictment charged Defendant with Distribution of a Quantity of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

1

violate the Ex Post Facto Clause of the Constitution. Accordingly, the Court will calculate the Defendant's advisory guideline range according to the 2008 Guidelines Manual which were in effect on the date of his offenses of conviction.

## DISCUSSION

The Ex Post Facto Clause, U.S. Const., art. I, § 9, cl. 3, states that "No . . . ex post facto Law shall be passed." *See also* art. I., § 10, cl.1. This provision in the Constitution serves two purposes: (1) "to assure that federal and state legislatures were restrained from enacting arbitrary or vindictive legislation," and (2) to "give fair warning" of the effect of legislative enactments' effect and "permit individuals to rely on their meaning until explicitly changed." *Miller v. Florida*, 482 U.S. 423, 429-30 (1987). The Ex Post Facto Clause prohibits the retroactive application of "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Miller,* 482 U.S. at 429. *See also Garner v. Jones*, 529 U.S. 244, 249 (2000) ("One function of the *Ex Post Facto Clause* is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission.")

In *Miller v. Florida,* the United States Supreme Court held that it was a violation of the Ex Post Facto Clause for the State of Florida to apply its updated sentencing guidelines where the new guidelines range would be lengthier than the guidelines in effect at the time of the offense. The Supreme Court reasoned that the law was ex post facto because it was retrospective and it disadvantaged the offender affected by it. *Miller*, 482 U.S. at 430. Every court of appeals, including the United States Court of Appeals for the Third Circuit, thereafter concluded that the federal sentencing guidelines were held to the same standard. *See e.g., United States v. Koop*, 951 F.2d 521, 526 (3d Cir. 1991). Section 1.B1.11 of the Guidelines states that "[t]he

Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced. If the court determines that use of the Guidelines Manual in effect on that date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." USSG 1B1.11(a) and (b)(1).

However, the continued existence of the ex post facto concern has been called into doubt since the remedial opinion in *United States v. Booker*, 543 U.S. 220, 244-668 (2005), made the federal sentencing guidelines advisory. In fact, the issue of whether application of a guideline amended after the date of an offense violates the Ex Post Facto Clause under the advisory Guidelines regime, as it did when the Sentencing Guidelines were mandatory, has divided the courts of appeals. In *United States v. Demaree,* 459 F.3d 791 (7th Cir. 2006), the Seventh Circuit ruled that the Ex Post Facto Clause was not violated because the application guideline, used to make the initial Guidelines calculation, only "nudges" the sentencing judge toward the sentencing range, but the judge's freedom to impose a reasonable sentence outside the range is unfettered." *Id.* at 795. *See also United States v. Robertson*, -- F.3d ---, 2011 WL 5555865 (7th Cir., Nov. 16, 2011) (reaffirming the analysis set forth in *Demaree*); *United States v. Barton*, 455 F.3d 649, 655 n.4 (6th Cir. 2006) ("When the Guidelines were mandatory, defendants faced the very real prospect of enhanced sentences caused by changes in the Guidelines or changes in the interpretation of Guidelines that occurred after they had committed their crimes. Now that the Guidelines are advisory, the Guidelines calculation provides no such guarantee of an increased sentence, which means that the Guidelines are no longer akin to statutes in their authoritativeness. As such, the Ex Post Facto Clause itself is not implicated.")

To the contrary, the Second, Fourth, Eleventh, and District of Columbia Circuits have each recently held that ex post facto concerns continue to exist post-*Booker*. *United States v. Ortiz*, 621 F.3d 82 (2nd Cir. 2010); *United States v. Lewis*, 606 F.3d 193 (4th Cir. 2010); *United States v. Wetherald*, 636 F.3d 1315 (11th Cir. 2011); and *United States v. Turner*, 548 F.3d 1094 (D.C. Circ. 2008).

Several other circuits have continued to apply the Ex Post Facto Clause to the advisory guidelines without directly addressing the impact of *Booker*. *See United States v. Gilman*. 478 F.3d 440, 449 (1st Cir. 2007) ("Although we note that the Court of Appeals for the Seventh Circuit has concluded that *Booker*'s ruling that the guidelines are advisory rather than mandatory carries with it the elimination of ex post facto concerns, the issue is doubtful in this circuit."); *United States v. Wood*, 486 F.3d 781, 790-91 (3d Cir. 2007) (finding plain error where government conceded guidelines in effect on date of offense should have been applied); *United States v. Duane*, 533 F.3d 441, 446-47 (6th Cir. 2008) ("assum[ing] *arguendo* that a retroactive change to the Guidelines could implicate the Ex Post Facto Clause"); *United States v. Carter*, 490 F.3d 641, 643 (8th Cir. 2007) addressing the defendant's ex post facto claim, but noting the decision in *Demaree*); *United States v. Rising Sun*, 522 F.3d 989, 992 n.1 (9th Cir. 2008) (noting that district court was correct to apply guidelines in effect on date of offense to avoid ex post facto violation.")

The Court of Appeals for the Third Circuit has not directly addressed the impact of *Booker* on this issue. However, somewhat telling, in a very recent opinion, our appellate court assumed that the Ex Post Facto Clause still applies post-*Booker*. Citing § 1B1.11(b)(1) of the Guidelines, the appellate court stated that "if the court determines that use of the Guidelines Manual in effect on the sentencing date would violate the ex post facto clause, 'the court shall

use the Guidelines Manual in effect on the date that the offense of conviction was committed." *United States v. Siddons,* --- F.3d. ---, 2011 WL 4582502 (3d Cir. Oct. 5, 2011);[2] s*ee also United States v. Larkin*, 629 F.3d 177, 193 (3d Cir. 2010).

There are two critical elements of a viable ex post facto claim. First, the law at issue "must be retrospective, that is, it must apply to events occurring before its enactment." *Miller*, 482 U.S. at 430. Second, the law at issue must "increase[] the penalty by which a crime is punishable." *California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n. 3 (1995). The United States Supreme Court has held that "no ex post facto violation occurs if a change does not alter " 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance'." *Miller*, 482 U.S. at 430 (*quoting Dobbert v. Florida*, 432 U.S. 282, 293 (1977)).

A law is retrospective if it "appl[ies] to events occurring before its enactment." *Miller*, 482 U.S. at 430. In this case, as in *Miller*, "[a]pplication of the revised guidelines law in [the defendant's] case clearly satisfies this standard." *Id.*

The second prong of the ex post facto test has evolved over time. When *Miller* was initially decided, the inquiry was whether the law "disadvantage[d] the offender affected by it." *Miller*, 482 U.S. at 430. After *Collins v. Youngblood*, 497 U.S. 37, 41-43 (1990), "the focus on the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of

---

2 An issue in *Siddons* was whether there was an ex post facto violation when a sentencing court grouped continuing, related conduct and applied the Sentencing Guidelines Manual in effect during the latest-concluded conduct. The court of appeals explained that it had held on prior occasions that "courts may use the later-enacted Guidelines Manual for sentencing 'straddle' crimes - continuing offenses that started before an intervening change in the Guidelines but that ended afterward." *Siddons*, 2011 WL 4582502 * 4. The Court of Appeals noted that the majority of its sister appellate courts have held that the use of the later-enacted Guidelines Manual in such circumstances is not an ex post facto violation because USSG § 3D1.2, in combination with the one-book rule, gives notice to the defendant that his or her offenses may be grouped for sentencing purposes and that the later-enacted Manual will apply.

5

'disadvantage,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Morales,* 514 U.S. at 506 n. 3. A law is therefore ex post facto if it "creates a significant risk" of prolonging the defendant's incarceration, *Garner v. Jones*, 529 U.S. at 251, as opposed to a risk that is merely "speculative and attenuated," *Morales*, 514 U.S. at 514.

In the Third Circuit, the guidelines, although advisory, are still an integral part of sentencing. A district court imposing a sentence must follow a three-step process: "At step one, the court calculates the applicable Guidelines range, which includes the application of any sentencing enhancements." *United States v. Fumo*, 655 F.3d 288, 308 (3d Cir. 2011) (*quoting United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011)). At step two, the court considers any motions for departure and, if granted, states how the departure affects the Guidelines calculation. At step three, "the court considers the recommended Guidelines range together with the statutory factors listed in 18 U.S.C. § 3553(a) and determines the appropriate sentence, which may vary upward or downward from the range suggested by the Guidelines." *Id.*

Under the 2008 guidelines, Defendant in this case would have a base offense level of 34, increased by enhancements to a total adjusted offense level of 37, with a Criminal History Category of III, which results in an advisory guideline range of 262 to 327 months. Under the 2011 guidelines, the defendant would continue to have a base offense level of 34, but would receive an additional two-point enhancement under § 2D1.1(b)(2), thereby increasing his adjusted total offense level to 39, with a Criminal History III, which results in an advisory guideline range of 324-405 months.

Cleary, retrospective application of the 2011 guidelines in this case would result in a "significant risk" of prolonging Defendant's incarceration, which the Court finds would violate

the Ex Post Facto Clause. The Court therefore finds that it must calculate Defendant's guideline range according to the 2008 Guidelines Manual in effect on the date of his offenses of conviction.

For the aforementioned reasons, the government's objection to the PSI is **OVERRULED**.

So **ORDERED** this 1st day of December, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Terrell L. Lewis,
U.S. Probation Officer

Craig W. Haller, Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Warner Mariani, Esquire
Email: marianilaw@mac.com