**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **2: 09-cr-325-05** |
| **v.** ) | |
| ) | |
| **BRADLEY BARNDT** ) | |

**MEMORANDUM ORDER**

This matter is before the Court upon the Information (Document No. 673) filed by the

government pursuant to 21 U.S.C. § 851 in which it established that Defendant has a prior felony

drug conviction in the Allegheny County Court of Common Pleas.   Defendant has responded

and objected to the Information (Document No. 832).  Defendant challenges his prior conviction

on the grounds that the guilty plea was not knowing, not voluntary, and not intelligently entered

into, but rather was induced as a result of the ineffective assistance of his counsel at the time of

the guilty plea.  The government has responded to Defendant's objections and argues that the

applicable statute bars Defendant's attempt to attack the validity of this conviction (Document

No. 833).

On August 16, 2011, a jury found Defendant guilty of Count 1 of the Superseding

Indictment which charged him with conspiracy to distribute and possess with intent to distribute

five (5) kilograms or more of cocaine, a Schedule II controlled substance, from in or around

January 2009 to in or around November 2009, in violation of  Title 21, United States Code, §

846.  As a result of this conviction, the recidivist sentencing provisions set forth in Title 21,

United States Code, §§ 841 and 846 apply to Defendant.

Title 21, United States Code,  § 841(b)(1)(B) provides for recidivists as follows:

If any person commits such a violation after a prior conviction for a felony drug
conviction <u>has become final</u>, such person shall be sentenced to a term of

1

imprisonment which may not be less than 10 years and no more than life imprisonment….

(emphasis added).

As the United States Court of Appeals for the Third Circuit has explained, it seems "likely" than when Congress substituted the words "has become final" for the words "previously been convicted," it intended to limit "recidivist sentencing to cases in which the conviction has become final, in the sense that the time for appeal has expired or a pending appeal been disposed of." *United States v. Allen*, 566 F.2d 1193, 1195 (3d Cir. 1977).[1] Accordingly, "a prior conviction is not final for purposes of recidivist sentencing while that conviction is subject to direct appellate review." *Id.*

The procedure for establishing a prior conviction is set forth in Title 21, United States Code, § 851(a)(1). Before trial or a guilty plea, the United States Attorney must file an information stating the previous conviction. 21 U.S.C. § 851(a)(1). After conviction but before sentencing, the court must ask the defendant to admit or deny the prior conviction and must inform the defendant that any challenge to a prior conviction is waived if not raised before sentencing. 21 U.S.C. §§ 851(a)-(b). A defendant must deny or challenge the validity of any previous conviction through a written response. 21 U.S.C. 21 851(c). However, a defendant may not challenge the validity of any conviction that occurred more than five (5) years before the government has filed the required information. 21 U.S.C. § 851(e).

In this case, Defendant admits that he was convicted in the Court of Common Pleas of Allegheny County of the crime of Possession with Intent to Deliver a Controlled Substance on

---

[1] Title 26, United States Code, § 7237, the predecessor to § 841, used the phrase "previously been convicted," while § 841 uses the phrase "after a prior conviction . . . has become final." *See United States v. Allen*, 425 F. Supp. 78 (D.C. Pa. 1977), judgment vacated by, 566 F.2d 1193 (3d Cir. 1977).

September 19, 2005, and that sentence was imposed for that offense on that same date. Defendant argues, however, that his state court conviction is constitutionally defective and therefore, cannot be considered to enhance his federal sentence. Defendant claims that he has filed a Petition under the Pennsylvania Post Conviction Relief Act ("PCRA") to contest the validity of the 2005 conviction in state court.

However, under § 851, "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e).

This Defendant's state court conviction occurred on September 19, 2005, and the government filed its § 851 Information in this case on July 29, 2011. The state court conviction occurred almost six (6) years prior to the filing of the Information. Further, it does not appear that the conviction has been appealed. The pending PCRA petition is a petition for collateral review, not a request for direct appellate review.[2] Accordingly, Defendant's 2005 state court conviction is final.

The Court acknowledges that the government is correct in that § 851, by its plain language, bars an attempt by Defendant to attack the validity of his 2005 conviction. Under § 851, "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e).

---

2 42 Pa.C.S.A. § 9542 states as follows: "This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain <u>collateral relief</u>. The action established in this subchapter shall be the sole means of obtaining <u>collateral relief</u> . . . ." (emphasis added).

Accordingly, Defendant's objection to the government's § 851 Information and his challenge to his prior 2005 felony drug conviction in the Allegheny County Court of Common Pleas are **OVERRULED**. The Court notes that a § 2255 petition may be filed to challenge a federal sentence when a state conviction which is the basis of the enhancement is vacated. Should Defendant ultimately be successful in having his state court conviction overturned, he may file a § 2255 petition to raise the issue with this Court. *See United States v. Morris*, 2008 WL 2073971 (W.D. Pa. May 14, 2008).

So **ORDERED** this 9th day of December, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Terrell L. Lewis,
       U.S. Probation Officer

       Craig W. Haller, Assistant U.S. Attorney
       Email: craig.haller@usdoj.gov

       Stephen Israel, Esquire
       Israel & Specter
       Email: ispeclaw@fyi.net